IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK DONIS, <br><br> *Plaintiff*, <br><br> v. <br><br> THOMAS J. DART, <br> COUNTY OF COOK, a unit of local government as indemnitor, <br> JOE DOE 1, an individual, and <br> JOE DOE 2, an individual <br><br> *Defendants*. | No. 23-cv-16634 <br><br> Amount Demanded: $100,000+ <br><br> Jury Trial Demanded <br><br><br><br> Judge |

## **COMPLAINT**

Plaintiff, Frank Donis ("Donis" or "Plaintiff"), complains of Defendant County of Cook ("Cook County" or "County"); Thomas J. Dart ("Dart"); Joe Doe 1; and Joe Doe 2; and seeks appropriate judicial relief, stating as follows:

## **JURISDICTION**

1. Plaintiff raises claims under 42 U.S.C. § 1981 and 5 ILCS 140/1. Jurisdiction is thus proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Supplemental jurisdiction is proper under 28 U.S.C. § 1367.

2. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events that Plaintiff complains of occurred in this judicial district.

## **THE PARTIES**

3. Plaintiff is an Illinois resident of Hispanic origin, who at all relevant times, was employed by the County as Deputy Sheriff/Correctional Officer.

4. Defendant Dart was at all relevant times the Sheriff of Cook County. He was and is a policy

1

maker for the County and has final policymaking authority with respect to the conduct alleged in this Complaint. He is sued in his official capacity in this lawsuit.

5. The County is a county in the state of Illinois. It is located in this judicial district. The County is liable for the acts or omissions of its agents and employees, pursuant to 745 ILCS 10/9-102.

6. Joe Doe 1 is and was at relevant times, an employee or agent of the County, whose identity Plaintiff does not currently know. At relevant times, Joe Doe 1 was acting within the scope of his employment.

7. Joe Doe 2 is and was at relevant times, an employee or agent of the County, whose identity Plaintiff does not currently know. At relevant times, Joe Doe 2 was acting within the scope of his employment.

## BACKGROUND FACTS

8. Sometime in 2022, the County was aware that there was a huge, slippery and extremely dangerous pile up of snow at its facility where Plaintiff worked. The County was aware of this fact for quite some time, but intentionally failed to remedy the situation, thereby creating a foreseeable high degree of risk of injury to its employees and third parties.

9. Sometime in 2022, while leaving his duties at the County facility, where he worked, Plaintiff slipped and fell in the snow that had piled up, thereby seriously injuring himself. Plaintiff's injuries were so serious that he had to undergo multiple surgeries.

10. On information and belief, other County employees were also injured as a result of the dangerous condition that the County created which is identified and described above. Some of the employees injured were Caucasian.

11. The County's conduct in failing to timely remove the risk that the pile up of snow created

at its facilities for an extended period of time was willful and wanton.

## COUNT ONE
## NEGLIGENCE

12. Plaintiff re-alleges and re-asserts paragraphs 1-11 as if fully set forth herein.

13. At relevant times, the County had a duty to keep its premises or work facilities reasonably safe so as to avoid any unreasonable risk of injury to its employees and/or third parties. In breach of and in violation of that duty:

   a. The County failed to employ an adequate number of employees who could clear up snow at its work place located at Post 09 Division 06 Parking Lot;

   b. The County failed to clear up snow on its workplace located at Post 09 Division 06 Parking Lot;

   c. Plaintiff slipped and fell and was seriously injured.

14. Sometime in 2022, Plaintiff, believing that his injury occurred in the workplace and while he was on duty, filed a claim for workers' compensation.

15. Sometime in or around 2023, the County notified Plaintiff that it had decided that Plaintiff was not injured while on duty. Around November 2023, Plaintiff inquired from the County, a written copy of the decision denying that he had been injured on duty, as well as the name of the individual who made the decision and when the decision was made. However, the County refused to provide this information.

16. Plaintiff believes that Joe Doe 1, together with others whose identities he currently does not know, made the decision denying that he had been injured on duty.

17. As a proximate or direct result of the County's conduct as described above, Plaintiff suffered injuries to his body, incurred medical expenses, lost wages and benefits and suffered

emotional distress.

18. Plaintiff's damages exceed $50,000.

**WHEREFORE**, Plaintiff, Frank Donis, prays that this Court enter judgment on his behalf and against County of Cook for actual, compensatory and punitive damages.

## COUNT TWO
## VIOLATION OF 42 U.S.C. § 1981

19. Plaintiff re-alleges and re-asserts paragraphs 1-11 as if fully set forth herein.

20. Sometime around 2022, several employees, including Plaintiff were injured after slipping and falling in the parking lot after the County had failed to clear up a pile up of snow.

21. The injured employees notified the County of their injuries and filed for workers compensation. While Plaintiff's application was denied by Joe Doe 2 and others after the County determined that he was not injured on duty, Caucasian employees' applications were not denied.

22. By not denying the applications of Caucasian employees, but denying that of Plaintiff who is not Caucasian, the County through its agents and employees, including Joe Doe 2, violated 42 U.S.C. § 1981.

23. The conduct of the County and its employees as described above was willful and wanton.

24. As a proximate or direct result of the County's conduct as described above, Plaintiff suffered injuries to his body, incurred medical expenses, lost wages and benefits and suffered emotional distress.

25. Plaintiff's damages exceed $50,000.

**WHEREFORE**, Plaintiff, Frank Donis, prays that this Court enter judgment on his behalf and against County of Cook for actual, compensatory and punitive damages as well as attorney's fees and costs incurred in this litigation.

## COUNT THREE
## FOIA REVIEW

26. Plaintiff re-alleges and re-asserts paragraphs 1-11 as if fully set forth herein.

27. On or about October 1, 2023, Plaintiff submitted a request for information to the County under the Illinois Freedom of Information Act ("FOIA"). A copy of the request, as well as the County's response, is attached to this Complaint as <u>Exhibit 1</u>.

28. On or about October 24, 2023, the County denied Plaintiff's request, citing certain exemptions that Plaintiff does not believe apply to his request. In fact, around 2019, Plaintiff had requested substantially similar information from the County, and it provided a complete response without citing the exemptions that it cited on or about October 24, 2023. A copy of that request is attached as <u>Exhibit 2</u>.

29. Plaintiff believes that the County's exemptions to his FOIA request are disingenuous and not legitimate. Therefore, Plaintiff respectfully requests this Court to enter an order compelling the County to produce the information that he requested on or about October 1, 2023.

**WHEREFORE**, Plaintiff, Frank Donis, prays that this Court enter judgment on his behalf and against County of Cook, compelling the County to provide a complete response to the information that Plaintiff requested on or about October 1, 2023. Plaintiff further requests this Honorable Court to enter an order granting him reasonable attorney's fees for prosecuting this claim.

## JURY DEMAND

30. Plaintiff hereby demands a trial by jury of twelve pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all triable issues.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Frank Donis, respectfully prays that this Court enter judgment on his

behalf and against Defendants as follows:

    A. That Plaintiff be awarded actual, compensatory and punitive damages;

    B. That Plaintiff be awarded reasonable attorney's fees and costs;

    C. That Plaintiff be awarded appropriate injunctive relief;

    D. That Plaintiff be awarded any and all appropriate relief under the circumstances.

Respectfully Submitted

/s/ Eric Onyango

Eric Onyango
Counsel for Plaintiff
Prime Legal, LLC
222 North Columbus Drive Suite 1507
Chicago, IL 60601

# EXHIBIT 1

On Oct 24, 2023, at 8:51 PM, Cook County Sheriff's Office <cookcountysheriff@govqa.us> wrote:

--- Please respond above this line ---



RE: FOIA Request of October 02, 2023, Reference # R047539-100223

Dear Frank Donis,

At this time, your request has been denied. The documents requested will not be disclosed at this time pursuant to 5 ILCS 140/7(1)(d)(iv) and 5 ILCS 140/7(1)(e). Under Section 7(1)(d)(vi), a public body can elect to withhold records that may endanger the life or physical safety of law enforcement personnel if released. Further, under Section 7(1)(e), a public body may elect to withhold records that relate to or affect the security of correctional institutions and detention facilities.

The requested records contain highly sensitive information regarding current and historical work assignments of CCDOC personnel. Releasing this information pursuant to a FOIA request poses a safety risk to personnel, including disclosure of the location of personnel assigned to positions outside of CCDOC's correctional facilities. Such a safety risk also affects the overall security of the Cook County Jail.

Your request mentioned:

*Hopefully you can look at these sections (copied below) in the (CBA) Section 14.3 Job Postings (C) and Section 14.9 Notification (A) If possible, looking for the names and assignments of the Deputy Sheriff Officers assigned to the CCDOC (JAIL), who have been reassigned to Misc. Units and not to any JAIL Division or to the External Operations within the JAIL compound. The Deputy Sheriff Officers never being given an assignment under the (90 day) Roster Management System in any Division at the JAIL? For example: The Warehouse, EAP Unit (Peer Support), IT Unit, VMU Unit, Records, Roster Management Unit-(staffing), Customer Service Unit, Visitation Unit, Legal Department, clerks, secretaries, support staffing unit and (DDSI) Data Driven Strategies Unit. All these misc. units/assignments that are not considered CCDOC (JAIL) assignments dealing with inmates which are staffed with Deputy Sheriff Officers, this is the information being requested, (regarding FOIA Request) The Collective Bargaining Agreement States:*

*During the term of this agreement the Employer and the Union shall have the right in their sole discretion and for any reason, to fill recognized vacancies by transferring to such vacancy up to, and including, (151) Employer moves. The Union shall be granted (117) moves. The union shall be granted one (1) vacancy on each shift, in each Division/Unit, on any detail for any biddable Division/Unit ( i.e., one that was open to bid during the last Department wide bid(s), regardless of there being a recognized vacancy, to transfer qualified Officers/Investigators to, for any reason; The Union will notify the Employer in writing when it intends to use a Union Move under this section, and the Employer will not unreasonably delay transfer of such Union Move, the Employer will not be able to move the Officer/Investigator under any circumstances other than by Union request; time frame of the move expiring (the expiration of which is to be determined by the Union); or reassignments under investigation.*

Section 14.9 Notification: (A)

*The Employer shall notify the Union in writing of all of the recognized vacancies or transfers for each year of this Agreement by January 15th of the following year. The Employer will identify to the Union, in writing the name of each employee, the division/unit occupied by said employee, Whether such assignment is in a SPECIAL UNIT or not.*

*The Contract clearly indicates these MOVES do exist and are common practice at the CCDOC (JAIL), while keeping their job title as Deputy Sheriff Officer in a Bided or Non Bided Assignment.*

*Please submit the lists for 2021, 2022, 2023, regarding additional moves being added to the Employer with one hundred fifty-one (151) employees, and the Union one-hundred seventeen (117) which includes seven of the total of eight offices assigned to the union office that shall be counted as union moves.*

*Respectfully,*
*DONIS*
*01 OCTOBER 2023*

You have a right to have the denial portion of your request reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General. You can file your Request for Review with the PAC by writing to the Public Access Counselor- Office of the Attorney General, 500 South 2nd Street, Springfield, Illinois 62706.

You also have the right to seek judicial review of your denial by filing a lawsuit in the State circuit court. If you choose to file a Request for Review with the PAC, you must do so within 60 calendar days of the date of this denial letter. Please note that you must include a copy of your original FOIA request and this denial letter when filing a Request for Review with the PAC.

Please contact us by replying to this email if you have any further concerns/questions related to this request.

Sincerely,

Michael Halpin
Cook County Sheriff's Office
FOIA Officer/Legal Department

# EXHIBIT 2

-------- Original message --------
From: Cook County Sheriff's Office <cookcountysheriff@govqa.us>
Date: 06/03/2019 4:50 PM (GMT-06:00)
To: fdonis@sbcglobal.net
Subject: [Records Center] FOIA Request :: R001347-052919

--- Please respond above this line ---



RE: FOIA Request of May 24, 2019, Reference # R001347-052919

Dear Frank Donis,

Thank you for contacting the Cook County Sheriff's Office ("CCSO") pursuant to the Illinois Freedom of Information Act ("FOIA"), 5 ILCS 140/1 et seq. (2012).

Your request mentioned:

*Saw your response regarding FOIA Request: R000920-042319. Hopefully you can look at these sections (copied below) in the (CBA) Section 14.4 Job Postings (C) and Section 14.5 Notification (A) If possible, looking for the names and assignments of the Deputy Sheriff Officers assigned to the CCDOC (JAIL), who have been reassigned to Misc. Units and not to any JAIL Division or to the External Operations within the JAIL compound. The Deputy Sheriff Officers never being given an assignment under the (90 day) Roster Management System in any Division at the JAIL? For example: The Warehouse, EAP Unit (Peer Support), IT Unit, VMU Unit, Records, Roster Management Unit-(staffing), Customer Service Unit, Visitation Unit, Legal Department, clerks, secretaries. All these misc. units/assignments that are not considered CCDOC (JAIL) assignments dealing with inmates which are staffed with Deputy Sheriff Officers, this is the information being requested, (regarding FOIA Request) The Collective Bargaining Agreement States:*
*\*During the term of this agreement the Employer and the Union shall have the right in their sole discretion and for any reason, to fill recognized vacancies by transferring to such vacancy up to, and including, seventy-five (75) employees for the Employer will notify the Union in writing within five (5) working days of any Employer moves. The Union shall be granted one (1) vacancy on each shift, in each Division/Unit, on any detail for any biddable Division/Unit (*

*i.e., one that was open to bid during the last Department wide bid(s) ), regardless of there being a recognized vacancy, to transfer qualified Officers/Investigators to, for any reason; however, for biddable Divisions/Units with fewer than fifty (50) Officers/Investigators, the Union shall be granted one (1) vacancy for the entire Division/Unit regardless of the vacancy being a recognized vacancy, to transfer qualified Officers/Investigators, for any reason. For Divisions/Units of less than twenty (20) Officers/Investigators, the Union Move must first be approved by the Employer, and such approval shall not be unreasonably withheld. The Union will notify the Employer in writing when it intends to use a Union Move under this section, and the Employer will not unreasonably delay transfer of such Union Move, the Employer will not be able to move the Officer/Investigator under any circumstances other than by Union request; time frame of the move expiring (the expiration of which is to be determined by the Union); or reassignments under investigation.*
*Section 14.5 Notification: (A)*
*\*The Employer shall notify the Union in writing of all of the recognized vacancies or transfers for each year of this Agreement by January 15th of the following year. The Employer will identify to the Union, in writing the name of each employee, the division/unit occupied by said employee, Whether such assignment is in a SPECIAL UNIT or not.*
*The Contract clearly indicates these MOVES do exist and are common practice at the CCDOC (JAIL), while keeping their job title as Deputy Sheriff Officer in a Bided or Non Bided Assignment.*
*Thank You*

Please be advised that the CCSO is extending its time for response pursuant to 5 ILCS 140/3 as documents responsive to your request are still being generated. Please note that this correspondence does not serve to waive any exemptions available to this public body under FOIA. The CCSO will issue a response on or before 6/10/19 .

Please contact us by replying to this email if you have any further concerns/questions related to this request.

Sincerely,

Elizabeth Scannell
Assistant General Counsel
Cook County Sheriff's Office
FOIA Officer/Legal Department

To monitor the progress or update this request please log into the FOIA Request Center