IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK DONIS | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-16634 |
| | ) | |
| v. | ) | Judge Sara L. Ellis |
| | ) | |
| THOMAS J. DART in his official capacity, | ) | |
| COUNTY OF COOK, a unit of local | ) | |
| Government as indemnitor, AND | ) | |
| Kristjen Lorenz, an individual | ) | |
| Defendants. | | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND TO SEVER AND REMAND**

Defendants, THOMAS J. DART ("Sheriff Dart") and COOK COUNTY ("County") (collectively "Defendants"), by their attorneys Troy S. Radunsky and Jorie R. Johnson of DEVORE RADUNSKY, LLC, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 21, and in support of their Motion to Dismiss Plaintiff's Complaint and to Sever and Remand Count III, states as follows:

**INTRODUCTION**

Plaintiff Frank Donis ("Plaintiff") is an Illinois resident who was employed by the County as a deputy sheriff/correctional officer. Dkt. No. 35 ¶ 3. He brings this action alleging that Defendants breached their duty to exercise reasonable care to keep the premises where he worked free of unreasonable risks of harm when they failed to remove the snow or to hire enough employees to remove the snow, enabling the conditions that led to his injury. Plaintiff also alleges that the County retaliated against him by both assigning him to duties in direct contact with detainees instead of lobby duties, and by failing to timely approve his workers compensation claim. He also brings a claim seeking review of the denial of his request for information pursuant to

1

Illinois Freedom of Information Act ("FOIA"), 5 ILCS 140/1. Lastly, Plaintiff, who is Hispanic brings a claim against Defendant, Kristjen Lorenz[1] ("Lorenz") alleging she violated 42 U.S.C. § 1981 by denying his claim for workers' compensation related to his injury, but not those of Caucasian employees.

**STATEMENT OF FACTS**

Plaintiff alleges that "sometime around February 2022", the County was aware of "a huge, slippery, and extremely dangerous pile up of snow at its facility" where he worked. *Id.* ¶ 7. He states that the snow accumulated at the Post 09 Division 06 parking lot. *Id.* ¶ 13. His alleges that after "leaving his duties at the county facility where he worked," he "slipped and fell in the snow that had piled up," which caused him to sustain serious injuries that required multiple surgeries. *Id.* ¶ 8.

Plaintiff further alleges that the County was aware of the "dangerous" snow accumulation "for quite some time because of past historical events, weather forecast and its resources, but intentionally failed to remedy the situation." *Id.* ¶ 7. He claims that the County's failure to remove the pile of snow created a "foreseeable high degree of risk of injury to its employees and third parties." *Id.* Plaintiff contends that the County had a duty to keep its premises or work facilities reasonably safe [to] avoid any unreasonable risk of injury to its employees and/or third parties." *Id.* ¶ 13. Plaintiff opines that the County breached that duty by failing both "to employ an adequate number of employees who could clear up snow," and "to clear up snow . . . at the Post 09 Division 06 parking lot. *Id.* ¶ 13.

Plaintiff further alleges that other county employees were injured, including Caucasian employees. *Id.* ¶ 9. He claims that "Sometime around February of 2022," he and other injured

---

[1] Defendant Lorenz is filing an Answer, separate from Defendants Sheriff Thomas Dart and County of Cook's Motion to Dismiss.

employees notified the County of their injuries and filed for workers' compensation. *Id.* ¶¶ 21-22. Plaintiff contends that he filed a claim based upon his belief that he was injured while on duty at his workplace. *Id.* ¶ 16.

Plaintiff further alleges that "[s]ometime in or around 2023," the County notified him that he was not injured while on duty. *Id.* ¶17. Plaintiff believes that Lorenz and other currently unidentified individuals made the decision denying that his injury occurred while he was on duty. *Id.* ¶ 18. Plaintiff claims that around November 2023, he requested a written copy of the decision determining that his injuries occurred while he was off duty, the name of the person who made the decision, and the date the decision was made, and that the County refused to provide this information. *Id.* ¶ 17.Additionally, Plaintiff alleges that Lorenz and others denied his application determining that he was not injured while on duty but claims that Caucasian employees' workers compensation applications were not denied. *Id.* ¶ 23. Plaintiff alleges that the County's conduct as described, has caused him to suffer injuries to his body, incurred medical expenses, lost wages, and benefits and to suffer emotional distress *Id.* ¶ 19.

Plaintiff then alleges that on October 1, 2023, he submitted a request for information to the County under the Illinois Freedom of Information Act ("FOIA"). *Id.* ¶ 30. This request states, in part:

> Hopefully you can look at these sections (copied below) in the (CBA) Section 14.3 Job Postings (C) and Section 14.9 Notification (A) If possible, looking for the names and assignments of the Deputy Sheriff Officers assigned to the CCDOC (JAIL), who have been reassigned to Misc. Units and not to any JAIL Division or to the External Operations within the JAIL compound. The Deputy Sheriff Officers never being given an assignment under the (90 day) Roster Management System in any Division at the JAIL? [sic] for example: The Warehouse, EAP Unit (Peer Support), IT Unit, VMU Unit, Records, Roster Management Unit-(staffing), Customer Service Unit, Visitation Unit, Legal Department, clerks, secretaries, support staffing unit and (DDSI) Data Driven Strategies Unit. All these misc. units/assignments that are not considered CCDOC (JAIL) assignments dealing with inmates which are

> staffed with Deputy Sheriff Officers, this is the information being requested, (regarding FOIA Request) [.]
>
> * * * *
>
> Please submit the lists for 2021, 2022, 2023, regarding additional moves being added to the Employer with one hundred fifty-one (151) employees, and the Union one-hundred seventeen (117) which includes seven of the total of eight offices assigned to the union office that shall be counted as union moves.

*Id.* at pp. 2-3 Pl.'s Ex. 1, Dkt. 35-1. The County replied on October 24, 2023, and denied this request, citing to 5 ILCS 140/7(1)(d)(iv) and 5 ILCS 140/7(1)(e). *Id.* at 31. Pl.'s Ex. 1, Dkt. 35-1. The County's response indicates that Plaintiff could file a request for review of his denial with the Office of the Illinois Attorney General. *Id.* Plaintiff claims that the exemptions cited by the County are "disingenuous and not legitimate" because he had previously requested "substantially similar information" from the County in 2019 and received a "complete response" without citing any exemptions. *Id.* ¶ 31-33; see also *id.* at pp. 2-3 Pl.'s Ex. 1, Dkt. 35-1. Plaintiff now asks the court to compel Cook County to produce the information he requested. *Id.*

Lastly, Plaintiff alleges that the County engaged in protected activities under the First Amendment when he filed his currently pending lawsuit and when he filed for workers compensation. *Id.* ¶¶ 35, 40. Plaintiff further states that the County retaliated against him by assigning him to duties in direct contact with detainees in or around the first quarter of 2024 when he returned to work, instead of being assigned to lobby duties since he was on light duty status at the time he returned to work. *Id.* ¶¶ 36, 41. The County additionally retaliated against Plaintiff by failing to timely approve his workers compensation claim. *Id.* ¶ 42. Plaintiff claims the County's actions would deter an average employee from engaging in protected activities. *Id.* ¶¶ 37, 43. Plaintiff alleges as a direct or proximate result of the County's retaliation, he injured his right shoulder, left and right knees and back, incurred substantial medical expenses and lost time off work. *Id.* ¶¶ 38, 44.

**LEGAL STANDARD**

4

#399091v1

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint offers the defendant "fair notice of what the claim is and grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see* FED. R. CIV. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 780 (7th Cir. 2007) ("The rules do not require unnecessary detail, but neither do they promote vagueness or reward deliberate obfuscation."); *id.* (noting that fair notice "serves to expedite resolution by quickly alerting the defendant to basic, critical factual allegations").

To avoid dismissal, "the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). A claim is plausible when the facts supporting it allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnett v. Webster*, 658 F.3d 742, 751-52 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Therefore, a plaintiff "must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for [his] complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678)); *see Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("As we understand [*Iqubal*], the Court is saying instead that the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.").

In reviewing a motion to dismiss, the court accepts as true all factual allegations and draws all reasonable inferences in favor of the plaintiff. *Arnett*, 658 F.3d at 751. This evaluation is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011). However, the court is not obliged to accept as true "threadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678)).

**ARGUMENT**

**I. Dismissal of Counts I, III, IV, and V Under FED. R. CIV. P. 12(b)(6) Is Proper Because Plaintiff Has Failed to State a Claim.**

To begin, Plaintiff's Amended Complaint against Sheriff Dart should be dismissed because it does not include any allegations against him. Further, Count I of Plaintiff's Complaint should be dismissed because it fails entirely to allege sufficient facts to put Defendants on notice of any alleged conduct giving rise to a negligence claim. Similarly, Counts IV and V should also be dismissed because Plaintiff failed to properly plead sufficient facts connecting Defendants to his claims of First Amendment retaliation. Specifically, Plaintiff failed to allege any facts that Defendants were connected to the alleged depravation he suffered in relation to his protected activity, that Plaintiff's protected activity was a motivating factor in the Defendants' decision to retaliate, and Plaintiff does not plead any facts stating that Defendant Sheriff Dart did indeed retaliate against him in any way.

Therefore, Sheriff Dart should be dismissed from this action, and Counts I, IV, and V of Plaintiff's Complaint should be dismissed, with prejudice.

**A. Plaintiff's Complaint Against Sheriff Dart Should Be Dismissed Because It Does Not Include Any Allegations Against Him.**

Plaintiff claims to bring this action against Sheriff Dart in his official capacity because "[h]e was and a policymaker for the County and has final policymaking authority with respect to the conduct alleged in this Complaint." Dkt. No. 35, ¶ 4. However, Plaintiff does not assert any claims against Sheriff Dart. This is because his complaint does not allege any facts involving Sheriff Dart.

"Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 & n. 8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

Plaintiff was afforded the opportunity to amend his claims to provide specific facts of alleged conduct or acts of Sheriff Dart in his official capacity and failed to do so. No claims are asserted against him. Sheriff Dart is nothing more than a named party in the caption. Accordingly, Defendant Sheriff Thomas Dart should be dismissed.

### B. Count I Should Be Dismissed Because Plaintiff Has Not Stated A Valid Negligence Claim

Plaintiff omits critical facts in Count I of his Complaint, including the date of his alleged injury and the condition of the premises giving rise to his injury. A plaintiff ordinary negligence must prove that the defendant owed a duty to them, that the defendant breached that duty, and that plaintiff's injury was proximately caused by that breach. *Martin v. City of Chi.*, 2023 IL App (1st) 221116, ¶ 22. More specifically, a premises liability action involves proof of six elements:

> (1) the existence of a condition that presents an unreasonable risk of harm to persons on the premises;
> (2) that the defendants knew, or should have known, that the condition posed an unreasonable risk of harm;
> (3) that the defendants should have anticipated that individuals on the premises would fail to discover or recognize the danger or otherwise fail to protect themselves against it;
> (4) a negligent act or omission on the part of the defendant;
> (5) an injury suffered by the plaintiff; and
> (6) that the condition of the property was a proximate cause of the injury to the plaintiff.

*Fowler v. United States*, No. 08 C 02785, 2014 WL 683751, at *8 (N.D. Ill. Feb. 21, 2014) (citing *Mueller v. Phar-Mor, Inc.*, 336 Ill. App. 3d 659, 666, 784 N.E.2d 226, 231 (2000)). Whether a duty exists is a question of law. *Vancura v. Katris*, 238 Ill. 2d 352, 373 (2010). In Illinois, a landowner has no duty to remove natural accumulations of ice, snow, or water from his or her property. *Krywin v. Chi. Transit Auth.*, 238 Ill. 2d 215, 227 (2010).

Here, Plaintiff fails to allege that the snow pile posed an unreasonable risk of harm because the condition of the premise that led to his injury lacks specificity. He only vaguely states that there was a "huge, slippery, and extremely dangerous pile up of snow" at the Cook County Jail "sometime in February of 2022." Nothing in this allegation shows that the snow pile, if it existed, posed an unreasonable risk of harm. Plaintiff also does not allege that there was snow or ice on the surface of the path that he walked, or that the snow pile obstructed his path, or that he was forced to deliberately encounter the snow pile. Moreover, Plaintiff assumes without factual allegations or evidence that Defendants created a dangerous snow pile following an unnatural accumulation. *See, e.g.*, *Butler v. Lowe's Home Ctrs., Inc.*, No. 08-3245, 2009 WL 424563, at *1 (C.D. Ill. Feb. 19,2009) (dismissing complaint where plaintiff slipped and fell in a store parking lot and failed to state a claim because the store had no duty of care regarding the natural accumulation of ice and snow in the parking lot); *Richardson v. Bond Drug Co. of Ill. d/b/a Walgreens*, 387 Ill. App. 3d 881, 886, 901 N.E.2d 973, 977 (2009) (affirming summary judgment where plaintiff failed to show evidence of dangerous condition because "[t]he existence of one fact cannot be inferred when a contrary fact can be inferred with equal certainty from the same set of facts") (citation omitted); *Rose v. United States*, 929 F. Supp. 305, 308 (N.D. Ill. 1996) (denying summary judgment where plaintiff assumed, without facts, that postal workers created the dangerous condition of ice and snow sidewalk); *Greenwood v. Leu, d/b/a Leu's IGA Food Liner*, 14 Ill. App. 3d 11, 15-16, 302 N.E.2d 359, 363 (1973) (affirming summary judgment for storeowner who was not negligent when he failed to remove natural accumulation of

8

snow and ice, to provide adequate illumination, to warn plaintiff, or to provide safeguards such as handrailing, salt, or foot mat where plaintiff slipped and fell on natural accumulation of snow and ice).

Plaintiff also alleges that the County was aware of the "dangerous" snow accumulation "for quite some time," but fails to provide any information about how Defendants would have had notice of the condition beyond a conclusory description of the snow pile as "huge, slippery, and extremely dangerous." For instance, it is unclear when the snow pile first appeared, or how much time passed between the appearance of that snow pile and the date of Plaintiff's injury. Plaintiff does not allege that he complained about the snow or brought it to anyone's attention before his incident. Indeed, Plaintiff only offers a threadbare statement that the County was "aware of this fact" and failed to remedy it.

The only dates provided in Plaintiff's complaint are "sometime February 2022," "Around November 2023", "sometime in or around 2023", and "the first quarter of 2024." He critically omits the date his injury occurred and instead generically alleges that his injury occurred on an unspecified day after leaving work. The date of the Plaintiff's injury is a material fact that should be included in the plaintiff's Complaint so that Defendants are able to pinpoint exactly when their allegedly negligent conduct allegedly occurred.

Without more detail as to the specified time periods in which the conduct affecting Plaintiff allegedly occurred, Plaintiff has not satisfied the burden of notice pleading required by this Court. Defendants cannot be on notice of Plaintiff's claims when no date of occurrence or concrete injury has been specified. See *Jackson v. Am. Water Co.*, No. 20-cv-413-SPM, 2021 WL 135912, at *23 (S.D. Ill. Jan. 14, 2021) ("[A] plaintiff cannot simply put a few words and phrases on paper to suggest that something illegal might have happened.") (dismissing complaint where allegations were "generic and did not provide specific conduct or dates where conduct occurred"). Without this

critical information, Defendants cannot ascertain how much snow was potentially present, whether the condition presented an unreasonable risk or was an open and obvious danger, or whether the snow was a natural or unnatural accumulation. This fact is essential to determine the duty Defendants owed to entrants of the premises as well as Defendants' notice of the condition.

Such an unadorned complaint is prejudicial to Defendants because the "purpose behind notice pleading is simply to provide a defendant with enough information to prepare a defense." *Sabratek Liquidating LLC v. KPMG LLP*, No. 01 C 9582, 2002 WL 774185, at *5 (N.D. Ill. Apr. 26, 2002) (citing *Veazey v. Commc'ns & Cable of Chi., Inc.*, 194 F.3d 850, 854 (7th Cir. 1999).

Here, Defendants are unable to prepare a defense based on the speculative allegations in Plaintiff's Complaint. For instance, because Plaintiff does not clearly allege the condition of the premise or the date of his injury, Defendants are unable to ascertain whether the accumulation was natural or unnatural. Defendants are unable to assemble witnesses, documents, video footage, or other materials that may be essential fairly answering the complaint, offering affirmative defenses, disproving Plaintiff's claims, or aiding in any of Defendants' other potential defenses or legal strategies.

Plaintiff has failed to provide fair notice to Defendants because his complaint omits critical dates and information related to Defendants' allegedly negligent conduct. Without such information, Defendants are prejudiced in their ability to defend against the claims against them.

**C.  Plaintiff's claim under the Illinois FOIA should be severed and remanded as supplemental jurisdiction is improper.**

The Court should sever and remand Count III of Plaintiff's Complaint as § 1367(a) does not permit supplemental jurisdiction when, as here, a claim arises from operative facts that are "separate and distinct" from those underlying a federal claim.

"The court may sever any claim against a party." FED. R. CIV. P. 21. "Rule 21 severance creates two discrete, independent actions, which then proceed as separate suits where previously

there was but one." *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 441 (7th Cir. 2006). A district court has broad discretion whether to sever a claim under Rule 21. *BCBSM, Inc. v. Walgreen Co.*, 642 F. Supp. 3d 732, 742 (N.D. Ill. 2022) (citing *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)). "District courts shall have supplemental jurisdiction over all [state-law] claims that are so related to [federal] claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . . ." 28 U.S.C. § 1367(a). As the Seventh Circuit has observed, "Federal courts may exercise supplemental jurisdiction over a state claim if the state and federal claims 'derive from a common nucleus of operative fact'" such that the plaintiff would ordinarily be expected to try the claims together. *Hansen v. Bd. of Trs. of Hamilton S.E. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *e.g.*, *Illinois v. Alta Colleges, Inc.*, No. 14 C 3786, 2014 WL 4377579, at *5 (N.D. Ill. Sept. 4, 2014).

Here, Count III of Plaintiff's Complaint arises out of facts distinct from those underlying any potential claim involving federal law. Neither of Plaintiff's nearly identical Illinois FOIA requests seek information related to whether Defendants negligently failed to remove snow or the determination of Plaintiff's application for workers' compensation. Indeed, the requests submitted in 2019 and 2023 seek identical information concerning job postings and position reassignments, including the names of Deputy Sheriff Officers assigned to CCDOC who were reassigned to "miscellaneous units" and not to other divisions within the CCDOC. Dkt. No. 35 Ex. 1 and Ex. 2. *Compare* (requesting "the names and assignments of the Deputy Sheriff Officers assigned to the CCDOC (JAIL), who have been reassigned to Misc. Units and not to any JAIL Division or to the External Operations within the JAIL compound") Dkt. No. 35 Ex. 1 *Id.* at 2 *with* (requesting "the names and assignments of the Deputy Sheriff Officers assigned to the CCDOC (JAIL), who have been reassigned to Misc. Units and not to any JAIL Division or to the External Operations within

#399091v1

the JAIL compound"). Ex. 2 *Id.* at 2. The crux of Plaintiff's FOIA complaint is his claim that he received a "complete response" to the 2019 request without citing exemptions, but that his 2023 request was denied. *Id.* at ¶31. He also claims that he does not believe the exemptions cited by the County apply to his 2023 request and are "disingenuous and not legitimate." *Id*. at ¶ 33.

However, neither of Plaintiff's FOIA requests relate to the allegedly negligent conduct of Defendants concerning the condition of the premise at CCDOC sometime in February 2022, nor the occurrence of Plaintiff's injury sometime in February 2022. Nor do the FOIA requests concern Plaintiff's application for workers' compensation. Indeed, Plaintiff's original Illinois FOIA request was filed in 2019, over three years before his 2023 request. Plaintiff simply with the reasons the County denied his request in October 2023. Because Plaintiff's FOIA claim arises from operative facts that are "separate and distinct" from those underlying his federal claim, the proper remedy is to sever Plaintiff's Illinois FOIA claim to state court.

Plaintiff's disagreement with the County's response to his 2023 FOIA request is more properly heard in state court as it concerns the decision of a local governmental body acting pursuant to state law.

### D. First Amendment Retaliation

Finally, to state a claim for First Amendment retaliation, Plaintiff must plausibly allege that: 1) he engaged in protected activity; (2) he suffered a deprivation likely to deter future protected activity; and; (3) his protected activity was a motivating factor in the defendants' decision to retaliate. *Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015)* Plaintiff brings his First Amendment retaliation claims solely against the County in Counts IV and V of his Amended Complaint. Plaintiff's retaliation claim is predicated upon the filing of his current lawsuit and subsequent workers compensation claim. The County concedes that the filing of a complaint, lawsuit, or claim of action may constitute a protected activity. However, even if Plaintiff engaged

12

#399091v1

in protected activity, he has still failed to sufficiently plead facts that present any argument to show that he (1) he suffered a deprivation likely to deter future protected activity; and (2) his protected activity was a motivating factor in the defendants' decision to retaliate.

To demonstrate that a defendant's acts constitute retaliation, a plaintiff bears the burden of showing "that his [or her] speech was a 'motivating factor'" for the adverse action. *Hasan v. U.S. Dep't of Lab.*, 400 F.3d 1001, 1005 (7th Cir. 2005) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)). Only once the plaintiff "leaps that hurdle" does the burden shift [*30] to the defendant to show that he or she would have taken the action anyway. *Id.* at 1006; *Consolino v. Towne*, 872 F.3d 825, 829 (7th Cir. 2017). "A 'motivating factor' in this context 'is a factor that weighs in [on] the defendant's decision to take the action complained of—in other words, it is a consideration present to his mind that favors, that pushes him toward action." *Dace v. Smith-Vasquez*, 658 F. Supp. 2d 865, 881 (S.D. Ill. 2009) (quoting *Hasan*, 400 F.3d at 1006). Put another way, "[t]he 'motivating factor' amounts to a causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). See also *Gevas v. Dunlop*, 2021 U.S. Dist. LEXIS 168471, *29-30.

In the case at bar, the County allegedly assigned Plaintiff to duties in direct contact with detainees in or around the first quarter of 2024 when he returned to work, instead of assigning him to lobby duties since he was on light duty status, "at the relevant time period". The County should be dismissed from all retaliation claims because there is no employment relationship that exists between the County and the Plaintiff. Plaintiff is Correctional Officer at the Cook County Department of Corrections and not an employee of Cook County.

Settled precedent establishes that Cook County is a separate entity from the Sheriff's office, which supervises the Cook County Jail and Cook County Department of Corrections. See *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989); see also *Franklin v. Zaruba*, 150 F.3d

13

#399091v1

682, 686 (7th Cir. 1998) ("sheriffs are agents of the county, but they are separate from the county boards to such a degree that the county boards cannot be held liable for their actions under respondeat superior"). See *Tyehimba v. Cook Cnty.*, 2024 U.S. Dist. LEXIS 46039, *5-6 (dismiss Defendant Cook County with prejudice from all counts and only to remain as a Defendant in the case for indemnification purposes.)

Next, Plaintiff states that the County of Cook failed to timely approve his workers compensation claim. Plaintiff proffers no facts in his Amended Complaint that would show that being placed in direct contact with detainees would deter a reasonable person from engaging in protected speech, such as filing a complaint in a court of law or from filing a workers compensation claim. Additionally, Plaintiff has failed to plead any facts to show any negative consequences from being placed in direct contact with detainees, when he returned to work in the first quarter of 2024, as he is correctional officer, and this is a part of his normal job duties. Plaintiff shows no causal connection between his alleged injured shoulder, left, and right knees, and back, and being assigned to duties with detainees. He merely speculates a connection, but speculation does not rise to the level required under *Twombly.*

Similarly, Plaintiff missed the pleading burden, and his Amended Complaint is void of facts sufficient to plead his claim for retaliation for submitting a workers compensation claim. A Plaintiff submitting a workers compensation claim is not considered a protected activity under the First Amendment. Any claim based on the workers' compensation claim fails for lack of protection. See*, Borough of Duryea v. Guarnieri*, 564 U.S. 379, 131 S. Ct. 2488, 180 L. Ed. 2d 408 (2011)(explaining that speech in lawsuits, union grievances, and petitions are analyzed like other speech by public employees). Plaintiff further offers no allegations suggesting that his workers compensation claim contained any speech other protected speech. Because Plaintiff is required to make this request through ICWA, his workers' compensation claim is unprotected by

14

#399091v1

the First Amendment. See *Houskins v. Sheahan*, 549 F.3d 480, 491 (7th Cir. 2008) (holding that a Cook County employee's speech was unprotected where she filed a misconduct complaint pursuant to General Orders).

Third, Plaintiff has also failed to adequately allege any public interest. Workers' compensation claims are meant to financially compensate employees, any speech that is part of such a claim is necessarily made to advance the Plaintiff's private interest. Plaintiff has not alleged a public interest, as opposed to his own personal injuries, and resulting need for financial compensation. *See Goldman v. Vill. of Oakwood Hills*, No. 18 C 50004, 2018 U.S. Dist. LEXIS 102013, 2018 WL 3039748, at *5 (N.D. Ill. June 19, 2018) (holding that plaintiff's workers' compensation claim furthered a private interest where he did "not allege any speech beyond filing a claim to obtain his statutorily created right to compensation for his work injuries")(quoted in *Peters v. Mundelein Consol. High Sch. Dist. No. 120*, 2022 U.S. Dist. LEXIS 23118, *23-29.

Finally, Plaintiff has not suffered a deprivation likely to deter future protected activity. As stated in his Complaint, Plaintiff filed this lawsuit, and even amended his complaint. Plaintiff also during the pendency of this lawsuit and in motion practice in his motion for extension of time to file an amended complaint noted that he submitted an additional claim for workers compensation in May of 2024. Any so-called deprivation Plaintiff did receive evidently did not deter future protected activities him filing lawsuits or submitting workers compensation claims based on workplace injuries.

Because Thus, Plaintiff has failed to plead that he suffered a deprivation likely to deter future protected activity, and that any deprivation was due to his prior protected activity, . Plaintiff has failed to set forth a retaliation claim against Defendants.

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter an order:

15

#399091v1

1. Dismissing Sheriff Dart as a party to this action;
2. Dismissing Counts I, IV and, V of Plaintiff's Complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted;
3. Severing Count III of Plaintiff's Complaint for lack of jurisdiction under 28 U.S.C. § 1367(a) and remanding it to state court under FED. R. CIV. P. 21.

                    Respectfully Submitted, **Defendants**

By: */s/ Jorie R. Johnson*
     Jorie R. Johnson, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Troy S. Radunsky (ARDC # 6269281)
Jorie R. Johnson (ARDC # 6325695)
230 W. Monroe St., Suite 230
Chicago, IL 60606
(312) 300-4479 telephone
tradunsky@devoreradunsky.com
jjohnson@devoreradunsky.com

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, hereby certifies that **Defendants' Motion to Dismiss and to Sever and Remand** was filed on July 18, 2024, with the Northern District of Illinois DKT. System, serving a copy to all parties.

                    */s/ Jorie R. Johnson*
                    Jorie R. Johnson

#399091v1