UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK DONIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 23 C 16634 ) |
| COUNTY OF COOK, et al. | ) Judge Sara L. Ellis ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

After he slipped and fell leaving his place of work, Plaintiff Frank Donis filed the instant lawsuit against Cook County, Thomas Dart, in his official capacity, and Kristjen Lorenz, in her individual capacity. In his amended complaint, Donis alleges that Cook County was negligent, retaliated against him, and wrongfully denied his FOIA request. Donis also alleges that Lorenz violated 42 U.S.C. § 1981 by denying his workers compensation claim based on his race. Cook County and Dart now move to dismiss Donis' negligence (Count I) and First Amendment retaliation (Counts IV and V) claims under Federal Rule of Civil Procedure 12(b)(6); sever and remand Donis' Illinois FOIA claim (Count III) under Federal Rule of Civil Procedure 21 and 28 U.S.C. § 1367(a); and dismiss Dart from this action.[1] Because the facts alleged in the amended complaint do not sufficiently support Donis' claims against Dart or the retaliation claims against

---

[1] Cook County and Dart filed an oversized motion to dismiss without first obtaining leave from the Court in violation of Northern District of Illinois Local Rule 7.1. The motion to dismiss exceeded the limit by less than one page and Donis substantively responded to the arguments contained in the entire motion. Although Donis argues the Court should strike the motion to dismiss in full or disregard the exceeding page, the Court finds it preferable to decide the motion on its merits instead of technicalities. The Court reminds both parties that they must seek leave to file an oversized brief in the future, if necessary.

This Court also grants Cook County and Dart's motion for an extension of time to file a reply, Doc. 49, and has considered the reply submitted at Doc. 49-1.

1

Cook County, the Court dismisses these claims and Dart without prejudice. And because the FOIA claim does not arise from the same operative facts as one of his federal claims, the Court dismisses that claim without prejudice to refiling in state court.

## BACKGROUND[2]

Around February 2022, a "huge, slippery and extremely dangerous pile up of snow" accumulated at Cook County's "Post 09 Division 06 Parking Lot." Doc. 35 ¶¶ 7, 13. Donis worked as a "Deputy Sheriff/Correctional Office" at that facility and when he left, he slipped and fell in the snow. *Id.* ¶ 3, 8. Donis was seriously injured.

Cook County knew of the dangerous pile of snow because of "past historical events, [the] weather forecast and its resources." *Id.* ¶ 7. The pile of snow posed a foreseeable high risk of injury to the employees and Cook County failed to timely remedy the hazard. Cook County "created" the dangerous condition of the snow pile and other Cook County employees were injured by the snow pile. *Id.* ¶ 9.

After Donis fell in the snow pile, he filed for workers compensation. Lorenz denied Donis' application and determined he was not injured on duty. Caucasian employees injured in the snow pile had their workers compensation claims granted, however.

In October 2023, Donis submitted the following request for information to Cook County under the Illinois FOIA:

> Hopefully you can look at these sections (copied below) in the (CBA) Section 14.3 Job Postings (C) and Section 14.9 Notification (A) If possible, looking for the names and assignments of the Deputy Sheriff Officers assigned to the CCDOC (JAIL), who have been reassigned to Misc. Units and not to any JAIL Division or to the External Operations within the JAIL compound. The Deputy Sheriff Officers never being given an assignment under the (90

---

[2] The Court takes the facts from Donis' amended complaint and exhibits attached thereto and presumes them to be true for the purpose of resolving Cook County and Dart's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

2

> day) Roster Management System in any Division at the JAIL? For example: The Warehouse, EAP Unit (Peer Support), IT Unit, VMU Unit, Records, Roster Management Unit-(staffing), Customer Service Unit, Visitation Unit, Legal Department, clerks, secretaries, support staffing unit and (DDSI) Data Driven Strategies Unit. All these misc. units/assignments that are not considered CCDOC (JAIL) assignments dealing with inmates which are staffed with Deputy Sheriff Officers, this is the information being requested, (regarding FOIA Request) . . . Please submit the lists for 2021, 2022, 2023, regarding additional moves being added to the Employer with one hundred fifty-one (151) employees, and the Union one-hundred seventeen (117) which includes seven of the total of eight offices assigned to the union office that shall be counted as union moves.

Doc. 35-1 at 2–3. On October 24, 2023, Cook County denied Donis' request.

In the first quarter of 2024, when Donis returned to work after his injury, Cook County assigned him to duties in direct contact with detainees, not lobby duties. Donis argues he received this work assignment in retaliation for filing this lawsuit and for workers compensation.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

ANALYSIS

I.    **Claims Against Dart**

First, Cook County and Dart argue that the Court should dismiss Dart from the case because the amended complaint does not assert any claims against him. Dart served as the Sheriff of Cook County at all relevant times. Doc. 35 ¶ 4. The amended complaint asserts that Dart "was and is a policy maker for the County and has final policymaking authority with respect to the conduct alleged in this Complaint." *Id.* Further, "Dart knew of and approved Lorenz' conduct as alleged." *Id.* ¶ 26. The amended complaint makes no other factual allegations regarding Dart. Donis directs each other allegation and claim at "the County" or Lorenz. Similarly, each prayer for relief only mentions and requests judgment against "the County" or Lorenz.

Because the amended complaint does not assert any claims against Dart, the Court must dismiss him. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Here, Donis has not adequately requested relief or alleged claims against Dart. The two sentences mentioning Dart in the amended complaint do not sufficiently plead claims against him, as Donis asserts no claim against Dart, makes no allegation of facts involving Dart, and seeks no relief against Dart. *See Reese v. Dart*, No. 20-cv-7488, 2022 WL 3154206, at *4 (N.D. Ill. Aug. 8, 2022) (dismissing claims against Dart because a plaintiff did not assert any claims against Dart,

4

even where the complaint alleged that Dart was "responsible for all policies and practices of the Cook County Department of Corrections").[3]

## II.   Negligence

Next, Cook County and Dart argue that the amended complaint does not state a valid negligence claim because Donis does not allege sufficient facts to support such a claim under Illinois law. To state a negligence claim, Donis must plead that (1) Cook County owed Donis a duty, (2) Cook County breached that duty, and (3) Cook County's breach proximately caused Donis' injury. *See Rhodes v. Ill. Cent. Gulf R.R.*, 172 Ill. 2d 213, 227 (1996). Further, under the natural accumulation rule, "a landowner or possessor of real property has no duty to remove natural accumulations of ice, snow, or water from its property." *Bernard v. Supervalu, Inc.*, No. 12-CV-1482, 2013 WL 6050616, at *2 (N.D. Ill. Nov. 14, 2013) (citing *Krywin v. Chi. Transit Auth.*, 238 Ill. 2d 215, 222 (2010)). However, a property owner owes a duty to individuals traversing their property for unnatural accumulations of snow or voluntary undertakings to remove natural accumulations of snow. *Asmus v. Mac's Convenience Stores, LLC*, No. 09-cv-2571, 2011 WL 613570, at *4 (N.D. Ill. Feb. 11, 2011) (citing *Ciciora v. CCAA, Inc.*, 581 F.3d 480, 482 (7th Cir. 2009) (applying Illinois law)).

Donis adequately pleads a claim for negligence. He alleges that Cook County's premises contained a pile up of snow, that other employees were also injured by the "dangerous condition that the County created," and that Cook County "failed to employ an adequate number of employees who could clear up snow." Doc. 35 ¶¶ 1, 9, 13. Drawing all reasonable inferences in Donis' favor, the Court can reasonably infer that either Cook County's premises contained an

---

[3] To the extent Donis intended to assert his claims against Dart and not the County, Donis may seek leave to amend his complaint to make clear which claims he wishes to bring against Dart and Dart's involvement in the alleged conduct.

unnatural accumulation of snow or that Cook County voluntarily undertook to remove the snow but did not successfully do so. *See Bernard*, 2013 WL 6050616, at *3 (explaining that for a plaintiff to establish that the defendant owed them a duty with regards to removing snow, the plaintiff must ultimately prove that the accumulation of snow was unnatural or the natural condition was aggravated by the defendant). Donis alleges that Cook County had a duty, and it breached that duty by failing to timely or adequately clear up the snow, and that the injury proximately caused his injury as Donis fell on the snow pile. Doc. 35 ¶¶ 8, 13. After discovery, the Court or the trier of fact can resolve whether the natural accumulation rule applies, Cook County voluntarily undertook to clear the snow, or Donis had an alternative path where he could have avoided the snow. *See, e.g.*, *Vovor v. Walmart, Inc.*, No. 1:18-cv-01238-JEH, 2020 WL 1808217, at *3–4 (C.D. Ill. Mar. 12, 2020) (resolving a factual question of whether an accumulation of snow was natural, or snow removal efforts involved negligence at summary judgment).

Further, Donis' allegation that he was injured by the snow pile "sometime around February 2022" is sufficiently specific to give "the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555. Notice pleading does not require Donis to provide the specific date of his injury, more information on the characteristics of the parking lot at the time he fell, and other details. *See R3 Composites Corp. v. G&G Sales Corp.*, 960 F.3d 935, 942 (7th Cir. 2020) ("[T]he federal courts require notice pleading, not fact pleading complete with all the minutiae." (citation omitted)).

**III.    First Amendment Retaliation Claims**

Turning to the First Amendment retaliation claims, the Court agrees with Cook County and Dart that Donis failed to adequately plead them. To state a First Amendment retaliation

6

claim, a plaintiff must allege that "(1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter his free speech; and (3) his protected speech was at least a motivating factor for the deprivation." *Lavite v. Dunstan*, 932 F.3d 1020, 1031 (7th Cir. 2019). Cook County and Dart do not dispute that Donis engaged in constitutionally protected speech by filing his lawsuit and workers compensation claim. Rather, they point out that the alleged retaliatory action, Donis being placed in direct contact with detainees rather than on light duty at his work, cannot be attributed to Cook County because Cook County was not Donis' employer. Although, Donis pleaded that he was "employed by the County as [a] Deputy Sheriff/Correctional Officer," Doc. 35 ¶ 3, it is well established that "[a] deputy sheriff is an employee of the sheriff, who is authorized to appoint and hire deputies," *Fleming v. Champaign Cnty*, No. 19-2070-JBM, 2021 WL 6201383, at *7 (C.D. Ill. Nov. 23, 2021) (accumulating authority). Further, "Cook County is a separate entity from the Sheriff's office, which supervises the Cook County Jail and Cook County Department of Corrections." *Tyehimba v. Cook Cnty.*, No. 22-cv-01139, 2024 WL 1142017, at *2 (N.D. Ill. Mar. 15, 2024); *see also Mortensen v. Arrowood*, 711 F. Supp. 3d 935, 937 (N.D. Ill. 2024). Donis' bare assertion that he was employed by Cook County as a deputy sheriff does not overcome this authority. *See, e.g.*, *Cooper v. Dart*, No. 19-cv-05349, 2023 WL 1970694, at *6 (N.D. Ill. Feb. 13, 2023) ("[B]are legal conclusions are insufficient to survive a motion to dismiss."). This Court thus dismisses Donis' retaliation claims, and Donis can seek leave to amend his complaint to name the proper defendant.

### IV.    Illinois FOIA

Finally, Cook County and Dart argue that the Court should sever Donis' FOIA claim and remand it to state court as it involves separate and distinct operative facts from his other claims.

7

Donis argues that his FOIA claim is interconnected to his other claims because he requested the information in his FOIA request so he could exhaust his administrative remedies before asserting an Americans with Disabilities Act ("ADA") claim arising from his February 2022 injury, and that a remand to state court would be prejudicial because he had to file a lawsuit challenging the FOIA decision within thirty-five days of the denial.

This Court agrees with Cook County and Dart that this Court should not exercise supplemental jurisdiction over Donis' FOIA claim. "Section 1367 lays out a framework by which courts may exercise supplemental jurisdiction over state law claims that share 'a common nucleus of operative facts' with a federal claim properly brought before the court." *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015) (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999)). Donis's FOIA claim does not share a common nucleus of operative facts with Donis' federal claims. Donis argues that he needed the information from the FOIA request to administratively exhaust an ADA claim that he intended to bring regarding his February 2022 injury. However, Donis does not bring an ADA claim in this case, provide any explanation for how the FOIA request would enable him to administratively exhaust such a claim, or otherwise connect the FOIA request to any of the claims he does bring in the amended complaint. The facts that will be useful for the determination of the FOIA claim relate to the contents of that claim, not the February 2022 incident or Lorenz denying Donis' application for workers compensation. Further, to the extent that the FOIA claim could be relevant to Donis' retaliation claims based on the facts alleged, Donis made the FOIA request before the retaliation occurred and Donis has not presented any argument on its connection to the alleged retaliation. *See Lovett v. Neff*, No. 17-cv-1023-JPG, 2017 WL 5194878, at *6 (S.D. Ill. Nov. 9, 2017) (dismissing a

8

state law FOIA claim when it did not have a sufficient factual connection to the plaintiff's surviving claims).

That said, Cook County and Dart mistakenly request a remand to state court. Donis originally filed this case in this Court, and so the Court cannot remand a claim to a forum which never possessed the case. *See, e.g.*, *Ferus v. United States*, No. 05 C 50009, 2008 WL 11518085, at *2 (N.D. Ill. Aug. 11, 2008) ("[T]he court should not remand the case to state court because it has never existed in that forum."). Instead, the Court dismisses the FOIA claim without prejudice to refiling in state court.

## CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Cook County and Dart's motion to dismiss [46]. The Court dismisses Dart from this action without prejudice. The Court dismisses the retaliation claims (Counts IV and V) without prejudice. The Court dismisses the FOIA claim (Count III) without prejudice to refiling in state court. The Court grants Cook County and Dart's motion for extension of time to file their reply [49].

Dated: November 15, 2024

SARA L. ELLIS
United States District Judge