**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FRANK DONIS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF COOK and COOK COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendants. | ) | No. 23 C 16634<br><br>Judge Sara L. Ellis |

## OPINION AND ORDER

After he slipped and fell leaving his place of work at the Cook County Sheriff's Department ("CCSD"), Plaintiff Frank Donis filed the instant lawsuit against Defendants CCSD and County of Cook ("County") (collectively, "Defendants"). In his fourth amended complaint, Donis alleges that Defendants negligently failed to keep their premises reasonably safe, causing his fall and subsequent injuries. He also brings a *Monell* claim against CCSD, alleging that CCSD executives retaliated against him for exercising his First Amendment rights. Defendants now move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).

The Court dismisses Donis' *Monell* claim against CCSD because he has failed to plausibly allege an underlying constitutional violation, i.e., First Amendment retaliation. Because the Court dismisses Donis' only federal claim, the Court declines to exercise supplemental jurisdiction over his remaining state law negligence claim.

## BACKGROUND[1]

Donis worked as a deputy sheriff and correctional officer at CCSD during the "relevant time." Doc. 101 ¶ 6. In 2021, he campaigned for a role in his union's leadership, during which time he repeatedly criticized Defendants and accused them of wasting taxpayer funds. *Id.* For example, he accused Defendants of "paying certain individuals multiple times for overlapping duties." *Id.* Local media outlets reported on his campaign, and Donis developed a reputation among Defendants' leadership as a "fierce critic." *Id.*

In or around February 2022, a "huge, slippery and extremely dangerous pile up of snow" accumulated outside of Donis' place of work. Defendants were allegedly aware of this snow pile due to "past historical events[,] weather forecast[s,] and their resources," but did nothing to remedy the issue. *Id.* ¶ 8. This created a "foreseeable high risk of injury to their employees and third parties." *Id.* Donis slipped and fell in the snow pile while leaving work, seriously injuring himself.

As a result of his injuries, Donis had to undergo multiple surgeries. He also filed an application for injured on duty relief ("IOD application") in February 2022, but "one or more executives whose identities Plaintiff currently does not know" decided that Donis was not injured while on duty and denied his IOD application "[s]ometime in or around 2023." *Id.* ¶¶ 18, 25. Donis received written notice of this denial in November 2023, but Defendants refused to provide him with the name of the individual who made the decision. Due to the denial of his IOD application, Donis took a leave of absence from work without pay for almost two

---

[1] The Court takes the facts from Donis' fourth amended complaint and presumes them to be true for the purpose of resolving Defendants' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

years. After he returned in 2024, Donis was on light duty status but unknown executives nonetheless assigned him to "duties in direct contact with detainees" instead of "lobby duties." *Id.* ¶ 25.

Donis alleges that CCSD had "a widespread practice or custom of retaliating against employees who engage in protected activities" during the "relevant times." *Id.* ¶ 22. Thomas J. Dart, the Sheriff of Cook County, established and led this practice or custom. A "recently filed lawsuit against Defendant CCSD in this judicial district" alleges that Dart "has made comments during an interview with Live [f]rom the Heartland indicating that he and executive management at [CCSD] have a history of retaliatory behavior when it comes to employees." *Id.*

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. First Amendment Retaliation Claim

Defendants first move to dismiss Donis' First Amendment retaliation claim against CCSD. It is well-established that CCSD, as a local governmental entity, "cannot be held [vicariously] liable for the constitutional torts of its employees and agents." *First Midwest Bank ex rel. LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021) (citation omitted). However, under *Monell v. Department of Social Services of City of New York*, CCSD may be held liable for its own violations of federal rights when "execution of a [CCSD] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." 436 U.S. 658, 694 (1978). Thus, liability may rest on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). The policy or practice "must be the direct cause or moving force behind the constitutional violation." *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (citation omitted) (internal quotation marks omitted).

Here, Donis' claim fails from the start because he does not sufficiently plead any underlying constitutional violation. *See Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014) ("[I]f no constitutional violation occurred in the first place, a *Monell* claim cannot be supported."); *Sallenger v. City of Springfield*, 630 F.3d 499, 504 (7th Cir. 2010) ( "[A] municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee."). The constitutional violation at the heart of Donis' *Monell* claim is

First Amendment retaliation, meaning that Donis must plausibly allege that "(1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter his free speech; and (3) his protected speech was at least a motivating factor for the deprivation." *Lavite v. Dunstan*, 932 F.3d 1020, 1031 (7th Cir. 2019). At issue here is the third element, which requires "a causal link between the protected act and the alleged retaliation." *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, No. 1:20-CV-06087, 2021 WL 4264375, at *5 (N.D. Ill. Sept. 20, 2021) (citing *Roger Whitmore's Auto. Servs., Inc. v. Lake Cnty.*, 424 F.3d 659, 669 (7th Cir. 2005)). Although causation is often an issue "'best answered by the traditional finder of fact,' and not by a court at the pleading stage," Donis must, at the very least, "present a story that 'holds together' on retaliation" to survive a motion to dismiss. *Id.* (citations omitted).

In the fourth amended complaint, Donis alleges that "one or more [CCSD] executives whose identities Plaintiff currently does not know" retaliated against him by denying his IOD application and later assigning him to duties in direct contact with detainees. Doc. 101 ¶ 25. Donis does not allege that his protected speech was a motivating factor in the denial of his IOD application or his later work assignment, nor does he include *any* factual allegations that could feasibly support such an inference. And the mere fact that the alleged retaliation occurred after Donis publicly criticized Defendants does not allow the Court to plausibly infer causation, given the long gap between his protected speech and the alleged retaliation. *See Shaw v. Litscher*, 715 F. App'x 521, 523 (7th Cir. 2017) ("[W]e've held in other cases that a time lag of seven months is too long to permit a reasonable inference of retaliation."); *Wheeler v. Piazza*, No. 16-CV-3861, 2018 WL 835353, at *4 (N.D. Ill. Feb. 13, 2018) ("The nine-month gap between the speech and the alleged retaliation is too large under Seventh Circuit precedent to sufficiently state, without more, a retaliation claim, even at the motion to dismiss stage.").

In his response, Donis does not dispute that the fourth amended complaint lacks allegations to support an inference of causation and instead argues that dismissal for this reason "would be improper." Doc. 110 at 3. As support, he points to the general proposition that "it is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each." Doc. 110 at 3 (citing *Green v. Olympus Grp., Inc.*, 780 F. Supp. 3d 799, 802 (E.D. Wis. 2025)). While this is true, *see Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017), it does not excuse Donis from the well-established requirement that he plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, while Donis need not plead facts directly "showing that retaliation was a motivating factor in" the denial of his IOD application or his work assignment, he must "present facts from which such an inference can reasonably be drawn." *Doe v. Johnson*, No. 15-CV-01387, 2016 WL 861240, at *3 (N.D. Ill. Mar. 7, 2016). His failure to do so here requires dismissal. *See Wheeler*, 2018 WL 835353, at *5 (dismissing first amendment retaliation claim because, "[w]ithout any factual allegations to support this inference of causation, the Court cannot make it").

For these reasons, the Court dismisses the First Amendment retaliation claim against CCSD.[2] The Court dismisses this claim with prejudice because Donis has "had the opportunity to conduct discovery and amend [his] complaint multiple times, but nonetheless has still failed to add sufficient facts" to state a claim. *United States ex rel. Gutman v. Chi. Vein Inst.*, No. 1:16-CV-09734, 2021 WL 170674, at *7 (N.D. Ill. Jan. 19, 2021); *see also Agnew v. Nat'l Collegiate*

---

[2] Because Donis' failure to plead an underlying constitutional violation is dispositive, the Court does not address Defendants' additional arguments at this time.

*Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012) ("We have stated that a district court is not required to grant such leave when a plaintiff has had multiple opportunities to state a claim upon which relief may be granted." (citing *Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1322–23 (7th Cir. 1998)).

## II. Negligence Claim

Donis also brings a state common-law negligence claim against Defendants. However, "[t]he general rule in this Circuit is that, when a federal claim is dismissed, federal courts should relinquish jurisdiction over the supplemental state court causes of action." *Shulman v. CRS Fin. Servs., Inc.*, No. 03 C 1634, 2003 WL 22400211, at *3 (N.D. Ill. Oct. 21, 2003) (citing *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997)). Because the Court has dismissed Donis' only federal law claim, the Court dismisses his supplemental state law claims without prejudice to refiling in state court.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss [102]. The Court dismisses with prejudice Donis' First Amendment retaliation claim, dismisses without prejudice his negligence claim, and terminates this case.

Dated: September 1, 2026

SARA L. ELLIS
United States District Judge